[Civ. No. 370.  Second Appellate District.—June 20, 1907.]

S. A. NELSON, Appellant, v. F. W. McCARTY, Respondent.

NEGLIGENCE—FIRING SHOT BY POLICE OFFICER AT RUNAWAY HORSE—INJURY TO PLAINTIFF—APPEAL—CONFLICTING EVIDENCE.—In an action to recover for an alleged injury to the plaintiff, by the negligent firing of a shot by defendant as a police officer at a runaway horse, where it appears that two other shots were fired at the horse by other persons about the same time, and that there is ample evidence in the record to justify the court in finding that the shot fired by defendant was not the cause of the injury to plaintiff, notwithstanding a conflict in the evidence, the finding for the defendant cannot be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.  E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Appellant.

T. L. Lewis, and Daney & Lewis, for Respondent.

ALLEN, P. J.—Appeal by plaintiff from a judgment in favor of defendant, and from an order denying a new trial.

This action is one for personal injuries alleged to have occurred through the wanton, reckless and negligent act of defendant in firing a revolver toward and in the direction of plaintiff, by reason whereof he was wounded and injured. The answer, among other things, denies the firing of any revolver or firearm by defendant toward or in the direction of plaintiff, or the wanton, reckless or negligent firing of a revolver at any time, or in any direction whatever by defendant; and denies that any bullet fired or discharged from the revolver of defendant hit or injured the plaintiff. The cause was tried by the court without a jury, and the court found that the defendant did not at the time alleged in the complaint, or at any other time, or at all, carelessly or negligently fire or discharge any revolver toward or in the direction of plaintiff, or on the date mentioned or at any time carelessly, wantonly, recklessly, or negligently fire or discharge any revolver or other firearm; that no bullet fired or discharged by the defendant from his revolver or any other revolver or other firearm fired by defendant, struck said plaintiff or entered said plaintiff's leg.

From the bill of exceptions, it appears that a horse attached to a buggy, in which was seated a woman, was running at a great rate of speed through the public streets of San Diego; that the bridle of such horse had become disarranged and the woman had lost all control over the animal; that the defendant was a policeman in the city of San Diego and fired a shot from a revolver at the horse for the purpose of so disabling it as that it might be gotten under control. It further appears from the record that another shot was fired by another policeman at the same horse about the same time; and there is evidence in the record tending to show that a third shot was fired at the horse within the same block. That plaintiff was injured by a bullet from one of the three shots is not to be questioned. But there is ample testimony in the record to justify the court in finding that the shot fired by defendant was not the cause of any injury to plaintiff. There is some testimony which indicates that, from the very situation of the parties at the time of the firing of the shot by defendant, it was not possible for the shot fired from his revolver to have in any wise affected the plaintiff. The most that can

be said in favor of appellant's position is that there is some conflict in the testimony; but the rule is well established that, where the testimony is conflicting, an appellate court in support of the decision of the court below will construe the testimony as favorably as possible for the respondent, and will not disturb a judgment or verdict when there is substantial conflict in the testimony, even though the appellate court may consider it greatly against the weight of the evidence. Under this rule, it is unnecessary for us to discuss any other questions presented upon the appeal.

The judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.